UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF NEW YORK
-------------------------------------------------------------------X
JUI LUNG KAO,

                              Plaintiff,         Case No.: 1:25-cv-03228

   -against-

                                                  **COMPLAINT**

THE PNC FINANCIAL SERVICES GROUP, INC.,

                              Defendant.
-------------------------------------------------------------------X

     Plaintiff, JUI LUNG KAO, by and through his attorneys, The Law Offices of Fong & Wong and Wu PLLC, complaints of the Defendant THE PNC FINANCIAL SERVICES GROUP, INC., upon information and belief as follows:

## **PARTIES**

     1.     Plaintiff, JUI LUNG KAO ("KAO" or "Plaintiff") is a natural person residing in the City and State of New York, County of Richmond.

     2.     Plaintiff, KAO is citizen of State of New York.

     3.     The Defendant, THE PNC FINANCIAL SERVICES GROUP, INC., ("PNC") is a foreign corporation duly organized under the laws of the State of Pennsylvania.

     4.     PNC is a citizen of the State of Pennsylvania.

     5.     PNC is licensed with the New York State Department of State as a Foreign Business Corporation, with its principal place of business located at 300 Fifth Avenue, Pittsburgh, PA 15222.

## **JURISDICTION & VENUE**

     6.     This Court has jurisdiction over this case pursuant to 28 U.S. Code § 1332, whereby the amount of controversy exceeds $75,000 exclusive of interests and costs, and is between citizens of different states.

7. The United States District Court, in and for the Eastern District of New York is the proper venue of this action where the cashier's check at issue in this case, drawn against PNC, was tendered at TD Bank in Brooklyn, New York.

## FACTUAL ALLEGATIONS GIVING RISE TO SUIT

8. In 2021 and 2022, KAO purchased two limited edition Audemars Piguet watches for $29,000 and $32,000 (inclusive of tax), respectively, from a luxury watch retailer located on 57th Street in Manhattan, New York, as a personal gift to commemorate his 20-year marriage.

9. In 2025, due to upcoming tuition and living expenses for his son's enrollment at Boston University, Plaintiff decided to sell both watches to fund the estimated $100,000 annual cost.

10. Plaintiff engaged a person identified himself as Jay Jiang, a Brooklyn-based restaurant manager and acquaintance, to assist with the sale. Mr. Jiang also sells goods online and listed the watches for sale on WECHAT, a popular social media marketplace.

11. On or about April 24, 2025, Mr. Jiang procured a third-party who agreed to purchase both watches for $98,000.

12. On May 6, 2025, Plaintiff and the purchaser met at TD Bank, located at 8206 5th Avenue, Brooklyn, NY, wherethe purchaser presented an official PNC Cashier's Check No.: 4441616 in the amount of $98,000 payable to Plaintiff.

13. The PNC Cashier's Check No.: 4441616 was drawn against the account of Chen Chenzhang.

14. Mr. Chi Ming Ng, the assistant manager at TD Bank, reviewed the instrument and confirmed it to be a valid and authentic cashier's check drawn by PNC.

15. PNC Cashier's Check No.: 4441616 was deposited by Plaintiff into Plaintiff's TD Bank account.

16. Upon confirmation, Plaintiff relinquished the two Audemars Piguet watches to the purchaser.

17. On May 8, 2025, Plaintiff was notified by TD Bank that PNC dishonored and returned the Cashier's Check No.: 4441616, to Plaintiff by method of "stop payment."

18. PNC has wrongfully refused to honor the Cashier's Check in violation of its statutory and common law obligations.

19. Plaintiff has been deprived of $98,000 for goods lawfully transferred in reliance on PNC's tender and subsequent stop payment of Certified Cashier Check: 4441616.

20. The Plaintiff has attempted to locate the purchaser and to procure the return the watches and has not been successful.

21. The Plaintiff has attempted to locate the drawer of Certified Cashier Check: 444161, and to procure the return the watches and has not been successful.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "21" as if fully set forth herein.

23. The PNC cashier's check constituted a direct obligation by PNC Bank to pay $98,000 to Plaintiff.

24. Defendant PNC wrongfully dishonored and stopped payment on the cashier's check, without legal justification.

25. Plaintiff is a holder in the due course of the cashier's check and is entitled to payment thereon.

26. As a result, Plaintiff has been damaged in the amount of $98,000, plus interest and consequential damage.

**AS AND FOR A SECOND CAUSE OF ACTION**

27. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "26" as if fully set forth herein.

28. Defendant owed Plaintiff, as the payee of its cashier's check, a duty to process and honor the instrument in accordance with applicable laws and banking standards.

29. Defendant breached its duty by failing to honor a check it issued, despite validation and no proof of fraud, forgery, or error.

30. Defendant's breach proximately caused Plaintiff financial loss and injury.

**WHEREFORE,** Plaintiff JUI LUNG KAO demands judgment over and against Defendant THE PNC FINANCIAL SERVICES GROUP, INC. as follows:

A. On the First and Second Causes of Action, damages in the amount of $98,000, plus interest from May 6, 2025;

B. Consequential damages in an amount to be determined at trial;

C. Costs and disbursements of this action;

D. Such other and further relief as the Court may deem just and proper, including attorney's fees.

Dated: Brooklyn, New York
June 10, 2025

Fong & Wong and WU, PLLC

*/s/ Peter Sverd*
By: Peter Sverd, Esq. (PS0406)
*Attorneys for Plaintiff*
802 64th Street, Suite 2A Brooklyn, NY 11220
Phone: (718) 567-8888
psverd@fwwlawyers.com