**Ballard Spahr LLP**

111 S. Calvert Street, 27th Floor
Baltimore, MD 21202-6174
TEL 410.528.5600
FAX 410.528.5650
www.ballardspahr.com

Maraya N. Pratt
Tel: 410.528.5578
Fax: 410.528.5650
PrattMN@ballardspahr.com

November 24, 2025

*Via ECF*

The Hon. Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Jui Lung Kao v. PNC Bank, N.A.*, Case No.:1:25-cv-03228 (ENV) (SDE)
**RESPONSE TO REQUEST FOR PRE-MOTION CONFERENCE**

Dear Judge Vitaliano,

We represent Defendant and Third-Party Plaintiff PNC Bank, N.A. ("PNC") in the above-captioned matter. We write pursuant to § III(A) of Your Honor's rules[1] in response to the November 17, 2025, request of Third-Party Defendant Chenzhang Chen ("Chen") for a pre-motion conference (the "Request") (ECF No. 24). Specifically, Chen seeks leave to file a Rule 12(b)(2) motion to dismiss as he "believes that the court lacks jurisdiction." *Id.*

Chen's Request is deficient on its face. Notably, the Request is devoid of legal support for Chen's proposed motion to dismiss in violation of Section III(A) of Your Honor's rules.

Notwithstanding that deficiency, any such motion respectfully would not withstand legal scrutiny. 28 U.S.C. § 1332 jurisdiction in this matter is founded on diversity of citizenship and the amount in controversy. Both the Complaint (ECF No. 1) and the Third-Party Complaint (ECF. No. 15) state the amount in controversy exceeds $75,000. Moreover, under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over claims related to the original action. Indeed, 28 U.S.C § 1367(b) only precludes the exercise of supplemental jurisdiction over claims and parties added by plaintiffs:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have

---

[1] This letter is directed to Your Honor as it is our understanding that any motions to dismiss have not yet been referred to Magistrate Judge Eichenholtz.

> supplemental jurisdiction under subsection (a) over claims by *plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as *plaintiffs* under Rule 19 of such rules, or seeking to intervene as *plaintiffs* under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C § 1367(b) (emphasis added). It is clear that Congress imposed this rule to prevent *plaintiffs* from subsequently adding third parties to skirt diversity jurisdiction requirements. If Congress intended this statute to apply to defendants, it would have said so.

The Courts have made clear that Chen's proposed motion would fail as a matter of law. Diversity of citizenship between a plaintiff and a third-party defendant in an impleader claim is not required once diversity jurisdiction has been established in the original action. *See Deutchman v. Express Scripts, Inc.*, 2008 U.S. Dist. LEXIS 61111, at *5 (E.D.N.Y. Aug. 11, 2008) ("[A] third-party claim for indemnification and contribution falls within the court's ancillary jurisdiction, and may be considered by the court regardless of whether plaintiffs are citizens of the same state as the third-party defendant.") (citing *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 436 –37 (2d Cir. 2000)); *see also, Garfield Slope Hous. Corp. v. Pub. Serv. Mut. Ins. Co.*, 973 F. Supp. 326, 330 (E.D.N.Y. 1997) ("A third-party complainant…is not required to establish an independent jurisdictional basis for its action in order to implead a third-party defendant…into another action for which jurisdiction has already been established.") (cleaned up) (citing 6 Charles Alan Wright, Arthur R. Miller, & Mark Kay Kane, *Federal Practice and Procedure* § 1444, at 321-22 (2d ed. 1990) ("It is well settled that there need be no independent jurisdictional basis for such a [third-party] claim if diversity of citizenship exists between the original parties.").[2]

---

[2] *See also Carter v. 36 Hudson Assocs.*, 2010 U.S. Dist. LEXIS 60091, at *16-17 n.7 (S.D.N.Y. June 17, 2010) ("[i]t is well established that, where a district court has original jurisdiction over a civil action based on diversity of citizenship, the impleader by the defendant of non-diverse third parties does not strip that court of jurisdiction.") (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005)); *see also Hynes v. Giambalvo*, 2010 U.S. Dist. LEXIS 162899, at *3 n. 4 (E.D.N.Y. July 2, 2010); *see also In re Joint E. & S. Dist. Asbestos Litig.,* 769 F. Supp. 85, 86 (E.D.N.Y. 1991) (finding the court has ancillary jurisdiction when a defendant seeking contribution in a federal suit impleads a nondiverse third party because "the third-party complaint depends at least in part upon the resolution of the primary lawsuit," and "[i]ts relation to the original complaint is thus not mere factual similarity but logical dependence.") (citing *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 376, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978)).

The Hon. Eric N. Vitaliano
November 24, 2025
Page 3

We submit that any motion to dismiss based upon diversity would not be grounded in the controlling law and thus would be futile.

Respectfully Submitted,

Maraya N. Pratt

MNP/pt

Cc: All parties by ECF